Claflin *v.* Tishler.

We see no error upon the trial which will justify us in setting aside the judgment.

Judgment affirmed.

[First Department, General Term, at New York, November 3, 1873. *Ingraham* and *Fancher*, Justices.]

———————•••———————

## Claflin and others *vs.* Tishler.

In an action upon a check, alleged to have been given by the defendant to the plaintiffs for value, the answer denied the receipt of anything therefor, and alleged that the check was placed in the plaintiffs' possession to be held subject to the drafts of the defendant in favor of such of the creditors of L. as should release him from his indebtedness; and that before such releases were given, the defendant demanded back the check from the plaintiffs. It was shown that the attempt to obtain releases was unsuccessful, and payment of the check was stopped. *Held* that the plaintiffs had no title to the check ; nor could they obtain any, before the agreement had been fully complied with, nor until the defendant had drawn upon them for some portion of the amount.

APPEAL, by the plaintiffs, from a judgment entered at a Special Term, on the verdict of a jury.

*W. H. Arnoux*, for the appellants.

*D. P. Barnard*, for the defendant.

*By the Court*, Ingraham, P. J.   The complaint in this case is upon a check, (for $500,) alleged to have been given by the defendant to the plaintiffs for value. The answer denies the receipt of anything therefor, and alleges that the check was placed in the possession of the plaintiffs to be held subject to the drafts of the defendant in favor of those of the creditors of one Landman who should release him from his indebtedness ; and that before such releases were given, the defendant demanded back the check from the plaintiffs.   The at-

tempt was made to get the releases, according to the testimony of the defendant, but was not successful, except with a few of the creditors, including the plaintiffs. The defendant then demanded the check, and stopped the payment.

It is clear that the plaintiffs had no title to the check; nor could they obtain any, before the agreement as proved was fully complied with, nor until the defendant had drawn checks on them for some portion of the amount. This was not done, and the defendant demanded the return of the check. If the plaintiffs had any claim against the defendant, for signing the composition paper, it should be enforced on the agreement therefor, and not on the check.

The paper called a release was not such. It was an agreement to accept twenty-five per cent. for their claims, from Landman, and there was no agreement in it binding the defendant to pay it. Until he assumed that obligation by drawing drafts therefor on the check deposited with the plaintiffs, there was no liability to be enforced against the defendant.

Even if the paper had been binding on the defendant, as a compromise for twenty-five per cent., it was void as to the plaintiffs because, as appears by the affidavit of Roberts, they had agreed to receive forty cents on the dollar, instead of twenty-five cents, as stated in the agreement.

There was no error in the charge of the judge that if the check was given to pay certain creditors, the plaintiffs could not recover. He might have gone further, and charged that the plaintiffs had no right of action on the check, for any cause.

Judgment affirmed, with costs.(*a*)

[First Department, General Term, at New York, November 3, 1873. *Ingraham* and *Fancher*, Justices.]

(*a*) Affirmed by Court of Appeals. (55 *N. Y.* 657.)